**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011
Decided January 20, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1186

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> v. <br><br> DARRYL D. TAYLOR, *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> No. 2:08cr88-014 <br><br> Rudy Lozano, *Judge.* |

**O R D E R**

Darryl Taylor was living in Colorado and supplying methamphetamine to coconspirators in Indiana from early 2005 until his indictment in 2008. Twice during that period, in Kansas and then Iowa, police stopped and searched his car, finding more than a kilogram total of methamphetamine. He was charged with a drug conspiracy in the Northern District of Indiana, s*ee* 21 U.S.C. §§ 846, 841(a)(1), and stipulated that the crime involved at least 500 grams of a mixture containing methamphetamine. By statute that amount was enough to trigger a minimum prison term of 10 years, *id.* § 841(b)(1)(A)(viii), though Taylor already had two felony drug convictions which, at the prosecutor's discretion, could have been used to enhance the minimum to life, *see id*. §§ 841(b)(1)(A)(viii), 851. The government relinquished that enhancement as part of a plea agreement, and

Taylor in turn acknowledged that he faced at least 10 years in prison and promised not to appeal his conviction or sentence on any ground other than a claim of ineffective assistance relating "directly" to the appeal waiver or its negotiation. The district court sentenced Taylor to 10 years, to be followed by 5 years of supervised release.

Despite that waiver Taylor directed retained counsel to file a notice of appeal, and afterward the lawyer withdrew when Taylor accused him of being deficient. We appointed substitute counsel, but the new lawyer represents that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Taylor has not accepted our invitation to comment on counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issue discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Taylor has told appellate counsel that his former lawyer coerced his guilty plea by failing to timely share discovery materials received from the prosecutor, spending inadequate time exploring the underlying facts and filing motions, and talking with him too infrequently, including during plea negotiations. Appellate counsel cannot find factual support in the record for these complaints, none of which specifically target counsel's performance in negotiating or recommending the appeal waiver. The district court discussed the waiver at length during the plea colloquy, s*ee* FED. R. CRIM. P. 11(b)(1)(N), and under oath Taylor assured the court that he had read and discussed the waiver with former counsel, that he understood the waiver and did not have questions, and that he was agreeing to it voluntarily. Those averments imply dim prospects for success, *Hutchings v. United States*, 618 F.3d 693, 699-700 (7th Cir. 2010); *United States v. Peterson*, 414 F.3d 825, 826-27 (7th Cir. 2005), but as appellate counsel observes, direct appeal is the wrong time for the claim. Complaints about a lawyer's performance in the district court are better saved for collateral review, where it is possible to make a record of the reasons underlying counsel's choices and tactics. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.